FIRST NATIONAL BANK OF BRUNSWICK *versus* LIME ROCK F. & M. INS. COMPANY.

The presence of a presiding Judge is essential to constitute a "session of the Supreme Judicial Court," within the meaning of R. S., c. 82, § 1.

A plea in abatement is seasonable, when filed "within two days after" the Judge appeared and organized the Court, the first day on which he so appeared being reckoned as one.

National Bank *v.* Lime Rock F. & M. Ins. Co.

ON EXCEPTIONS.

ASSUMPSIT. The writ was made returnable at Rockland, in this county, on the second Tuesday of March, 1869, the time prescribed by the statute for a term of this Court to be holden there. No service of the writ had been made and no return was written thereon.

On the second Tuesday of March, no Judge appeared to hold the Court; but he did attend the next day and commenced the session, the sheriff having adjourned the Court in accordance with R. S., c. 77, § 26.

On the following day (Thursday) the defendants filed a plea in abatement, setting out the want of service, which the presiding Judge overruled, upon the ground that it was not seasonably filed. Whereupon the defendants alleged exceptions.

*D. N. Mortland,* for the defendants, cited Rules 2 and 6, 37 Maine, 568, 569; R. S., c. 82, § 1; 2 Bouv. Law Dict., 579; 1 Bouv. Law Dict., 325; Co. Litt., 58, *a;* R. S., c. 77, §§ 1, 14, 26.

*A. P. Gould,* for the plaintiffs.

KENT, J.—The Justice of this Court, designated to hold the term, did not attend on the day fixed by law for its commencement. A plea in abatement was filed on the third day,—the Justice having appeared on the second day. The question is whether it was filed in season, within the provisions of the statute and the rules of this Court.

The statute provides (c. 77, § 26,) that, " when no Justice attends on the day for holding a Court, the sheriff, or, in his absence, the clerk, shall by oral proclamation in the court-house, and by notice posted on the door thereof, adjourn the Court from day to day till a Justice attends, and, in case of necessity, without day, and, when so adjourned, actions brought for that term shall be entered by the clerk, and they, with all actions on the docket, shall be continued to the next term."

National Bank *v.* Lime Rock F. & M. Ins. Co.

It is also provided by § 1, c. 82, that "no action can be entered after the first day of the session of the Supreme Judicial Court, without special permission."

The 6th rule of this Court is, that "pleas in abatement or to the jurisdiction, in actions originally brought in this Court, must be filed within two days after the entry of the action, the day of the entry to be reckoned as one, and, if consisting of matter of fact, not apparent on the face of the record, shall be verified by affidavit."

The intent of the rule is manifest. It is to limit the time for the filing of dilatory pleas and for making motions of a like character, but to give two days after entry, for these acts.

Although the first section, of the statute above cited, in terms restricts the right to enter an action after the first day of the session of the Court, yet the section first named clearly provides that the entries are to be made at the final adjournment, when no Justice appears and it becomes necessary to adjourn, and the whole docket is to be continued. In such case the defendant must have the right to file his plea or make his motion, on the first day of the next term, if the Court is regularly held on that day. By the same course of reasoning it follows that the entries cannot properly be made, until a Justice attends. If he attends on the second day, the entries should then be made, and the two days thereafter allowed for dilatory pleas or motions.

It will be observed that the statute, c. 82, § 1, does not say that no action shall be entered after the first day of the term, as fixed by law, but "after the first day of the session of the Court." And the rule of Court does not speak of the first day of the legal term, but of "two days after the entry of the action." Actions are often entered, after the first day of the Court, by leave, and, of course, two days after such entry must be allowed.

When no Justice appears "on the day for holding a Court," no Court can properly be said to be in session, for a session of a Court implies the presence of a Judge to hear and try.

The first day of the session, so far as this question is concerned, may fairly be construed to mean the first day on which the Court is organized and ready to proceed to business. A motion may be sufficient without a written plea, where the defect is apparent on the face of the record. It would be absurd to hold that ,a party was bound to make such motion, when there was no Court to hear it and to grant or refuse it.

Our conclusion is that, in a case like the one before us, the plea was filed in season, under a fair construction of the statutes and rule of the Court.

*Exceptions sustained. — Writ abated.*

APPLETON, C. J., WALTON, DICKERSON and TAPLEY, JJ., concurred.